Wilbur R. Jones and Jeanne N. Jones v. Commissioner.
Jones v. Commissioner
Docket No. 210-69 SC.
United States Tax Court
T.C. Memo 1969-104; 1969 Tax Ct. Memo LEXIS 192; 28 T.C.M. (CCH) 555; T.C.M. (RIA) 69104; May 20, 1969, Filed. Wilbur R. Jones, pro sc., 1716 Steup, Fort WayneIndiana. James J. McGrath, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The respondent determined a deficiency in the petitioners' income tax for the taxable year 1966 in the amount of $150. The sole basis for the asserted deficiency was the disallowance by the respondent of an exemption claimed on the return for Wilbur's daughter, Marilyn. The basis for this disallowance was the failure of Wilbur (hereinafter sometimes referred to as the petitioner) to satisfy the respondent that he furnished over one-half of the cost of his daughter's *193 support. Findings of Fact This case has been classified as a so-called Small Claims case since the asserted deficiency is less than $1,000. In such cases it is 556 the policy of the Court to be more lenient with respect to the enforcement of the rules of evidence. Petitioner and his present wife, Jeanne, reside at 1716 Steup Street, Fort Wayne, Indiana. He was formerly married to a Mollie Jones but that marriage was terminated by divorce in 1957. A daughter, Marilyn, was born of the terminated marriage and resided with her mother during the year 1966. Wilbur reported gross income of $16,509.54 on his tax return for 1966. His former wife earned approximately $2,500 during that year from her employment in a plastics factory. She had no other source of income. Among her fixed expenses was a requirement to make monthly payments of $70 on her residence which had cost $12,500. Mollie purchased for Marilyn during the year 1966 two or three dresses at a cost of $11 or $12 each, two skirts at $6 or $7 each, two sweaters at $12 to $15 each, and three pairs of shoes or sandals at $7 for shoes and $3 for sandals. The fair rental of Marilyn's room in Mollie's four-room house 2 miles *194 outside of town is estimated to be at the most $40 per month. The cost of the food furnished Marilyn by Mollie amounted to approximately $150. The petitioners have pleaded in their petition, and respondent has admitted, that Wilbur furnished $928.72 for the support of said daughter during the year 1966. In addition petitioner made good to Marilyn during 1966 a loss of $171 which was realized in that year on the sale of certain stock which he had purchased for her. In the same year petitioner purchased a television set for $350 as a Christmas present for his daughter but his former wife would not let her pick it up. Marilyn testified, and we find as a fact, that her father spent at least an additional $35 for clothes for her which amount is not included in the figure of $928.72. She worked part-time at a Howard Johnson's Restaurant during the school months and full-time during the summer. No testimony was given as to her earnings from this employment during the taxable year. She ate many of her meals at the restaurant. Petitioner furnished over one-half of the cost of his daughter's support. Opinion The only question presented is the factual one as to whether petitioner furnished *195 more than one-half of the cost of his daughter's support in 1966. The applicable Code provisions are sections 151 and 152 and are set forth in the footnote. [1]
*196 The burden is upon petitioner to establish that in the taxable year involved the amounts furnished by him constituted more than one-half of the cost of the support of Marilyn. Where the child's parents are divorced and the child lives with the former wife, as here, the duty of establishing the aggregate cost of support is obviously rendered more difficult. The petitioner appeared pro se, and he and his daughter were the only witnesses. Their testimony was frank and truthful. Some of the evidence presented was elicited through the assistance of the Court. Petitioner's estimate of $40 as representing the fair monthly rental value of Marilyn's room seems generous. Respondent has conceded that the petitioner expended the amount of $928.72 for the support of his daughter during the year 1966, and we find that in addition to that sum petitioner expended during that year for her benefit $171 to make up a loss on a sale of stock and $35 for clothes. We further find as a fact that 557 petitioner expended $350 to purchase a television set for his daughter, and the fact that his former wife would not permit her to pick up the set does not prevent its cost from being included as an item *197 spent for her benefit. Petitioner was unable to establish the precise amount which his former wife contributed to Marilyn's support. Nevertheless, the evidence as to her income, the manner in which she lived, the other circumstances shown by the record convinces us that the amount of support furnished by her was minimal. Accordingly, while not free from doubt, we have found as a fact that the amount of support for Marilyn furnished by petitioner exceeded the aggregate amount contributed by Marilyn hereself and by her mother and that consequently, having furnished more than one-half of the cost of her support, he is entitled to claim Marilyn as an exemption. Decision will be entered for the petitioners. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) ALLOWANCE OF DEDUCTIONS. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) ADDITIONAL EXEMPTION FOR DEPENDENTS. - (1) IN GENERAL. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * (3) CHILD DEFINED. - For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. SEC. 152. DEPENDENT DEFINED. (a) GENERAL DEFINITION. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendent of either.↩